UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PLAM BEACH DIVISION

ROBERT R. SHOURDS,

    Plaintiff,
v.                                                                              Case No.:

BOARD OF COUNTY COMMISSIONERS
PALM BEACH COUNTY,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT R. SHOULDS (hereinafter referred to as Plaintiff or "Shourds"), by and through the undersigned counsel, hereby sues Defendant, BOARD OF COUNTY COMMISSIONERS PALM BEACH COUNTY, (hereinafter referred to as "Defendant") and in support thereof states the following:

**JURISDICTION AND VENUE**

1.    This action arises under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act of 1992 ("FCRA").

2.    This is an action involving a federal question, thus invoking the jurisdiction of this Court under 28 U.S.C.A. §1331. This Court also has supplemental jurisdiction over the Florida state law claim alleged herein under 28 U.S.C.A. §1367 (a).

3.    Venue is appropriate in this Court given that the actions forming the basis of this Complaint occurred at Defendant's place of business located in West Palm Beach, Florida which lies within the venue of the West Palm Beach Division of the United States District Court for the Southern District of Florida.

4. This Court is vested with jurisdiction to order back pay, front pay or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees and costs pursuant to 42 U.S.C.A. 1981(a) and 42 U.S.C.A. §2000e-5(g) and §760.11(5), Florida Statutes.

**PARTIES**

5. Plaintiff is a citizen of the United States and a resident of Palm Beach County, Florida.

6. Plaintiff has a disability that substantially limits a major bodily function that affect major life activities and is therefore protected under the ADA.

7. Plaintiff was employed with Defendant in Palm Beach County, located at 20 South Military Trail West Palm Beach, Florida 33415.

8. Defendant is an "employer" as defined by the ADA.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

9. Plaintiff timely filed a charge against Palm Beach County, alleging disability discrimination with the Equal Employment Opportunity Commission (Charge No. 510-2015-01044), and has received a Dismissal and Notice of Rights. A true and correct copy of said Dismissal and Notice of Rights is attached and marked as **Exhibit "A."**

10. Plaintiff has satisfied any and all administrative conditions precedent to the filing of this action as contemplated by the ADA Title I.

**GENERAL ALLEGATIONS**

11. Plaintiff was hired by the Defendant in 2010 as a registered nurse to be a night shift supervisor at the Highridge Family Center located at 4200 N Australian Ave, West Palm Beach, FL 33407.

12. The Highridge Family Center is operated by Palm Beach County Youth Services to provide services to youths and their families.

13. On November 5, 2014, Plaintiff was injured when he tripped over some coverings and fell hitting his head against a brick wall.

14. Plaintiff was diagnosed with a concussion and rendered "unfit to return to work" by his worker's compensation doctor.

15. Plaintiff's concussion substantially limited a major function of his life by limiting neurological faculties including, but not limited to, memory, emotional control, vertigo, attention span, reasonable deductions and reaction times.

16. Defendant was informed of his medical condition by Plaintiff providing it with medical records and doctors' notes stating his diagnosis and inability to return to work.

17. On or about December 8, 2014, Plaintiff received a letter from the Defendant notifying him of a pre-termination hearing scheduled for December 11, 2014.

18. Plaintiff tried calling Defendant to reschedule the meeting until he was released from doctor's care.

19. On or about December 8, 2014, Plaintiff, by and through his significant other, sent a formal letter requesting accommodations to reschedule the pre-termination hearing until he was able to attend.

20. Plaintiff's verbal and written requests were ignored by the Defendant.

21. Plaintiff, due to his disability, was unable to attend the pre-termination hearing on December 11, 2014.

22. On or about December 11, 2014, Defendant mailed a letter to Plaintiff stating that he was terminated because he failed to attend the pre-termination hearing.

23. Defendant failed to reasonably accommodate Plaintiff's requests to reschedule the meeting on December 11, 2014.

24. Defendant discriminated against Plaintiff because of his disability by terminating his employment.

25. As a result of the foregoing, Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I
## DISABILITY DISCRIMINATION UNDER FCRA

26. Plaintiff repeats each and every allegation of paragraphs 13 through 25 as if fully set forth herein at length.

27. Plaintiff is a member of a protected class due to his disability.

28. Plaintiff has a disability that substantially limits a major function of his life.

29. Defendant discriminated against Plaintiff during his employment by failing to reasonably accommodate him and then subsequently terminating his employment due to his disability.

30. Defendant's actions constitute unlawful employment practices under §§760.01–760.10, Florida Statutes.

31. A legitimate, non-discriminatory reason does not exist to justify Defendant's intentional, disparate and discriminatory actions toward Plaintiff as alleged herein.

32. The unlawful employment practices complained of herein and the actions of Defendant, and its agents were, willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter it, and others, from such actions in the future.

33. As a direct, proximate and foreseeable result of Defendant's, and its agents', actions Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

34. The actions of Defendant and its agents, make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

**WHEREFORE**, Plaintiff, ROBERT SHOURDS, demands judgment as follows:

A. That damages be assessed against Defendant for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against Defendant as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That Defendant be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That Defendant be ordered to pay front pay in lieu of reinstatement; and

F. That the Court grants Plaintiff such other relief as may be just and proper.

## COUNT II
## DISABILITY DISCRIMINATION UNDER ADA

35. Plaintiff incorporates by reference, and as if fully restated herein, the allegations in Paragraphs 13 through 25 of the Complaint.

36. Plaintiff is a member of a protected class due to his disability.

37. Plaintiff has a disability that substantially limits a major function of his life.

38. Defendant discriminated against Plaintiff during his employment by failing to reasonably accommodate him and then subsequently terminating his employment due to his disability.

39. Such actions constitute unlawful employment practices under the ADA.

40. A legitimate, non-discriminatory reason does not exist to justify Defendant's intentional, disparate and discriminatory actions toward Plaintiff as alleged herein.

41. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

42. As a direct, proximate and foreseeable result of Defendant's, and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

43. The actions of Defendant and its agents, make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

**WHEREFORE**, Plaintiff, ROBERT SHOURDS, demands judgment as follows:

    A. That damages be assessed against Defendant for compensatory and emotional stress suffered as a result of the wrongful acts;

    B. That punitive damages be assessed against Defendant as a result of the intentional willfulness and wrongful acts;

    C. Prejudgment interest and back pay;

D. That Defendant be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That Defendant be ordered to pay front pay in lieu of reinstatement; and

F. That the Court grants Plaintiff such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBERT SHOURDS, demands a trial by jury on all issues so triable.

DATED:   April 26, 2016

>   */s/ Dennis A. Creed, III*
>   DENNIS A. CREED, III
>   Florida Bar No. 0043618
>   E-mail: dcreed@creedlawgroup.com
>   Joseph Odato, Esq.
>   Florida Bar: 86201
>   Email: jodato@creedlawgroup.com
>   Creed Law Group
>   13043 West Linebaugh Ave.
>   Tampa, Florida 33626
>   Telephone: 813-444-4332
>   Fax: 813-441-6121
>   Attorneys for Plaintiff